# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KELVIN GERARD MOSS,

    Petitioner,

v.                                                          Civil Action No. 2:15cv30
                                                                       (Judge Bailey)

WARDEN, USP HAZELTON,

    Respondent.

## AMENDED[1] REPORT AND RECOMMENDATION

### I. Background

On May 1, 2015, the *pro se* Petitioner, an inmate at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with a memorandum in support. ECF No. 1. Pursuant to a Notice of Deficient Pleading, on May 29, 2015, Petitioner filed a motion to proceed as a pauper with a copy of his Prisoner Trust Account Report and Ledger Sheets. ECF No. 5 & 6. By Order entered June 1, 2015, Petitioner was granted permission to proceed as a pauper but directed to pay the five dollar filing fee. ECF No. 8. After a July 8, 2015 Show Cause Order was entered, on July 20, 2015, Petitioner filed a response and paid the requisite fee. ECF Nos. 10, 12 & 13. On June 12, 2017, Magistrate Judge James E. Seibert conducted a preliminary review of the petition, found that summary dismissal of the same was not warranted, and directed the Warden to show cause why the writ should not be granted. ECF No. 14. On August 2, 2017, the Respondent filed a Motion to Dismiss, or in the Alternative, Motion to Stay. ECF No. 16. On August 22, 2017, a Roseboro Notice was issued, and on August 23, 2017, Petitioner filed a Memorandum Brief in Support of Petition for Writ of

---

[1] This Report and Recommendation is being amended to reflect this case's reassignment to Magistrate Judge Michael J. Aloi.

1

Habeas Corpus Pursuant to 28 U.S.C. § 2241 Savings Clause Provision . . . Stay all Proceedings. ECF No. 18. On September 11, 2017, the Petitioner filed a duplicate copy of his earlier Memorandum Brief in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Savings Clause Provision . . . Stay all Proceedings. ECF No. 20. On September 15, 2017, the case was reassigned from Magistrate Judge James E. Seibert to Magistrate Judge Michael J. Aloi.

## II. Facts[2]

### A. Conviction and Sentence

On April 25, 2008, in the Western District of North Carolina, a federal grand jury issued a three-count indictment charging Petitioner and a co-defendant with armed bank robbery and related offenses. ECF No. 6. A superseding four-count indictment was issued on September 24, 2008, charging Petitioner in Count One with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2; in Count Two with using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c) and 2; in Count Three with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (2); and in Count Four with escape from a community corrections center, in violation of 18 U.S.C. §§ 751(a) and 4082. See ECF No. 6.

On January 5, 2009, the Government filed notice of its intent to seek enhanced penalties through an Amended Information pursuant to 21 U.S.C. § 851 and the "three strikes" provision of 18 U.S.C. § 3559(c)(4). ECF No. 59. The notice reported that Petitioner's prior felonies

---

[2] The information on Petitioner's underlying criminal conviction in the Western District of North Carolina is available on PACER at W.D.N.C. Case No. 3:08cr97. Unless otherwise specified, the citations in this section are to this case.

included a 1992 North Carolina conviction for breaking and entering a dwelling; a 1994 North Carolina conviction for second degree murder; and a 1995 federal conviction for conspiracy to possess with the intent to distribute powder and crack cocaine. Id.

On January 14, 2009, after a three-day jury trial, on January 14, 2009, Petitioner was convicted on all four counts. ECF No. 65.

On October 5, 2010, Moss was sentenced to three life sentences: a mandatory life sentence under the "three-strikes" law of 18 U.S.C. § 3559(c); a second mandatory consecutive life sentence under § 3559(c); and a third concurrent life sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). See ECF No. 113 at 1. Accordingly, he received life sentences on Counts One and Three to run concurrent with each other; a life sentence as to Count Two to run consecutively to the sentences on Counts One and Three; and five years of incarceration as to Count Four, to run concurrently with the others. ECF No. 92.

## B. Direct Appeal

On appeal, Petitioner challenged his convictions and life sentences, arguing that the admission of certain testimony at trial was hearsay and unfairly prejudicial; his sentence for escape violated double jeopardy; his prior breaking and entering conviction did not qualify as a serious violent felony under the definition set forth in 18 U.S.C. § 3559(c)(2)(F)(ii); and that his sentence was procedurally and substantively unreasonable. On September 7, 2011, by unpublished *per curiam* opinion, the Fourth Circuit affirmed the district court's judgment and dismissed the appeal. See United States v. Moss, 445 Fed. App'x 632 (4th Cir. 2011). Moss then petitioned for a writ of *certiorari* to the Supreme Court; the petition was denied on January 17, 2012. Moss v. United States, 132 S. Ct. 1131 (2012).

## B. Motions to Vacate Pursuant to 28 U.S.C. § 2255

**First § 2255 Motion**

On January 7, 2013, Petitioner filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255, raising four counts of trial counsel's ineffective assistance, contending that counsel:

1) failed to object to the indictment;

2) failed to move to sever the escape count from the bank robbery and firearm counts;

3) failed to move to suppress statements made outside the presence of an attorney; and

4) failed to object to a number of remarks made by the Government in its opening statement.

Further, Petition raised two counts of appellate counsel's ineffective assistance, contending that appellate counsel:

5) failed to raise a Simmons[3] claim; and

6) failed to petition for writ of *certiorari* with the United States Supreme Court. See ECF No. 110.

By Order entered on April 24, 2013, the district court denied Petitioner's motion. ECF No. 111.

**First 28 U.S.C. §2244(b) Motion**

Almost a year to the day after filing the instant § 2241 petition, on April 26, 2016, Petitioner filed an Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. §2244 in the Fourth Circuit Court of Appeals. It was granted by Order entered May 9, 2016. See In re: Kelvin Gerard Moss, a/k/a Kelvin Girard Moss, (4th Cir. ECF No. 8) (16-462).

**Second § 2255 Motion**

On May 3, 2016, Petitioner filed his second § 2255 motion to vacate, contending that:

---
[3] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

I. his sentence violates due process in multiple respects and should be vacated;

    A. Under Johnson,[4] the residual clause of the ACCA is unconstitutional;

    B. In light of Johnson, Moss does not have the two or more convictions for "serious violent felonies" required for a mandatory life sentence under § 3559(c);

    C. Moss does not qualify for an ACCA sentence in light of Johnson, and his life sentence on Count Three therefore exceeds the statutory maximum and violates due process.

        1) Moss's N.C. conviction for second-degree murder cannot count as an ACCA predicate;

        2) Moss's N.C. conviction for assault with a deadly weapon cannot count as an ACCA predicate; and

    D. Moss's career offender sentence violates due process under Johnson.

II. Johnson applies retroactively on collateral review.

III. Moss' claims are cognizable under § 2255; and

IV. Moss' motion is timely under 28 U.S.C. § 2255(f)(3).

V. If the Court finds Johnson error on Counts One and Two, it should resentence on all counts under the sentencing package doctrine even if it does not find Johnson error in Count Three.

ECF No. 113.

By Order entered September 19, 2016, pursuant to an unopposed motion to stay by the United States, pending a decision in Beckles v. United States,[5] the case was held in abeyance. See W.D.N.C. Case No. 3:16cv210.

Subsequently, on May 3, 2017, the United States filed another motion to stay, this time until the Fourth Circuit decided United States v. Ali, 15-4433, and United States v. Simms, No.

---

[4] Johnson v. United States, 135 S. Ct. 2551 (2015).
[5] Beckles v. United States, 137 S. Ct. 886 (Mar. 6, 2017).

5

15-4640. This motion to stay was granted by Order entered May 18, 2017. See W.D.N.C. Case No. 3:16cv210. The case remains in abeyance as of the date of this Report and Recommendation.

### III. Issues Presented

#### A. The Petition

Petitioner alleges that in light of United States v. Martin,[6] and Descamps v. United States,[7] he was improperly sentenced to mandatory life sentences under 18 U.S.C. § 3559(c), and that pursuant to Martin, his prior conviction for breaking and entering is no longer a serious violent felony for purposes of enhanced sentencing under 18 U.S.C. § 3559(c). ECF No. 1 at 6; see also ECF No. 1-1 at 1.

Petitioner argues that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction and/or sentence because at the time of his sentencing and direct appeal, the law of the circuit was that breaking and entering was a violent felony. However, with the Fourth Circuit's recent decision in Martin, he no longer has "two priors." Id. at 5. Further, Petitioner contends that pursuant to Persaud v. United States,[8] his § 2241 motion can be used to attack a sentencing issue when a § 2255 motion is inadequate or ineffective. ECF No. 1-1 at 8 – 9. In doing so, Petitioner relies on the brief on petition for writ of *certiorari* by the Solicitor General of the United States filed in Persaud, maintaining that the Supreme Court concluded that Persaud could use a § 2241 to have his sentence vacated. ECF No. 1-1 at 9. He attaches a copy of the Solicitor General's brief to his motion. ECF No. 1-2.

---

[6] United States v. Martin, 753 F.3d 485 (4th Cir. 2014).

[7] Descamps v. United States, 133 S. Ct. 2276 (2013).

[8] Persaud v. United States, 134 S.Ct. 1023 (2014).

6

As relief, Petitioner requests that his sentences on Counts One, Two, and Three of the superseding indictment be vacated and re-imposed without the 18 U.S.C. § 3559(c) enhancement. ECF No. 1 at 8.

**B. Respondent's Motion to Dismiss, or in the Alternative, Motion to Stay**

Respondent argues that the case should be dismissed for lack of jurisdiction, because Petitioner is actually seeking § 2255 relief and has already been granted permission to and has filed a successive § 2255 petition in the sentencing court in the Western District of North Carolina. ECF No. 16 at 3.

Alternatively, if its motion to dismiss is not granted, the Respondent requests that the case be stayed, pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433 and United States v. Simms, No. 15-4640. Id. at 8.

Attached to Respondent's dispositive motion are copies of a number of documents from other courts. ECF No. 16-1 – ECF No. 16-4.

**C. Petitioner's Response**

Petitioner reiterates his arguments and attempts to refute the Respondent's on the same, with the exception of the Respondent's suggestion that the case be stayed, with which the Petitioner concurs. ECF No. 18 at 1 – 2.

**IV. Standard of Review**

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)).

In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

"Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." Alternative Energy. Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir.2001) (cited with approval in Witthohn v. Federal Ins. Co., 164 Fed. Appx. 395 (4th Cir. 2006) (unpublished)). There are, however, exceptions to the rule that a court may not consider any documents outside of the complaint. "Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S.Ct. 2499, 2509 (2007). See also Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009)(courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. V. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

## V. Analysis

In general, a Section 2241 petition attacks the manner in which a sentence is executed, see 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 Petition, under the "savings clause" of Section 2255. Section 2225 of Title 28 provides that:

9

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255(e) (emphasis added). The circuits are split on whether the savings clause is applicable to challenges to allegedly unlawful sentences, or only to allegedly unlawful convictions. *Compare* Hill v. Masters, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) *and* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013) (same) *with* McCarthan v. Dir. Of Goodwill Indus.-Suncoast Inc., 851 F.3d 1076, 1092 (11th Cir. 2017) (finding the savings clause applicable only to "claims that are not cognizable or that cannot be remedied under section 2255") *and* In re Bradford, 600 F.3d 226, 230 (5th Cir. 2011) (finding the savings clause applicable only to claims of actual innocence).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is **deemed not to be crimina**l; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34 (emphasis added). Jones, however, addressed only when § 2255 is inadequate and ineffective to test the legality of a conviction, and did not expressly consider whether the savings clause could apply to sentencing challenges.

However, in subsequent cases, the Fourth Circuit has not extended the reach of the savings clause to include those Petitioners challenging only their sentence. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008); Farrow v. Revell, 541 Fed. Appx. 327, 328 (4th Cir. 2013).

Furthermore, to the extent the Petitioner argues that the United States Supreme Court in Persaud permits him to challenge his sentencing enhancement, his reliance is misplaced. Even after the Supreme Court's remand in Persaud, the Fourth Circuit has subsequently held that a Petitioner could not challenge a sentencing enhancement through a § 2241 petition. See Rouse v. Wilson, No. 14-6715, 2014 WL 482367, at 1 (4th Cir. Sept. 23, 2014) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241.")

Likewise, Petitioner's reliance on Martin is also inapposite. The Martin court did not address North Carolina breaking and entering, but rather, the Maryland offense of fourth degree burglary. Moreover, at issue in Martin was whether the offense in question met the definition of "crime of violence" as set forth in Section 2K1.1 of the Sentencing Guidelines, rather than whether it was a "serious violent felony" under 18 U.S.C. § 3559(c), as Petitioner argues here.

Finally, Petitioner's reliance on Descamps provides him no relief, either. In his petition, Moss appears to make an argument that his enhanced sentence under 18 U.S.C. § 3559(c) violates the holding in Descamps. More specifically, he appears to imply that the District Court failed to apply the modified categorical approach when considering his prior offense as a predicate for the 18 U.S.C. 3559(c) mandatory life sentence under the federal three strikes provision. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"),

"sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. However, here, Petitioner is challenging his enhanced consecutive life sentences under 18 U.S.C. § 3559(c), not his third concurrent enhanced sentence under the ACCA. Accordingly, Descamps is inapplicable to this claim.

Consequently, the Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, because he cannot show that the conduct **for which he was convicted** has been deemed not criminal, and he is procedurally barred from pursuing this § 2241 petition challenging his enhanced sentence. Moreover, this case should also be dismissed for lack of jurisdiction. Petitioner already has a second § 2255 pending properly in the sentencing court raising the same claim he raises here.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 16] be **GRANTED** and that the petition be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir.

1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to transmit a copy electronically to all counsel of record. This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: September 19, 2017

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE