# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**KELVIN GERARD MOSS,**

    Petitioner,

**v.**
                                                      Civil Action No.  2:15-cv-30
                                                           (BAILEY)

**WARDEN, USP HAZELTON,**

    Respondent.

## ORDER ADOPTING AMENDED[1] REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Amended Report and Recommendation of United States Magistrate Judge Michael J. Aloi [Doc. 22]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his Amended R&R on September 19, 2017, wherein he recommends this Court grant the respondent's Motion to Dismiss and deny and dismiss without prejudice the § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

---

[1] The Report and Recommendations was amended to reflect the reassignment to Magistrate Judge Michael J. Aloi.

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). On motion of the petitioner, this Court extended the deadline to October 26, 2017 [Doc. 25]. Objections were filed October 30, 2017 [Doc. 27]. This Court will consider the same timely. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remainder will be reviewed for clear error.

## Discussion

The law is clearly developed that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. **In re Vial**, 115 F.3d 1192, 1194 (4th Cir. 1997). Moreover, in **Jones**, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

2

*In re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in *Jones*, it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

A § 2241 petition is used to attack the manner in which a sentence is executed. A § 2241 petition which challenges a federal conviction and sentence is properly construed as a § 2255 petition. The only exception to this is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime.

The savings clause of § 2255, however, is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F.App'x 173, 174 (4th Cir. 2011)(refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Petitioner's Objections simply rehash that which he previously argued in his "Memorandum Brief in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Savings Clause Provision [and to] Stay All Proceedings." [Doc. 20]. Specifically, he alleges that in light of *United States v. Martin*, 753 F.3d 485 (4th Cir. 2014), and *Descamps v. United States*, 133 S.Ct. 2276 (2013), he was improperly sentenced to mandatory life sentences under 18 U.S.C. § 3559(c), and that pursuant to *Martin*, his prior conviction for breaking and entering is no longer a serious violent felony for purposes of

3

enhanced sentencing under 18 U.S.C. § 3559(c).

The petitioner's argument is misplaced for two reasons. First, petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy because he cannot show that the conduct for which he was convicted has been deemed not criminal, and he is procedurally barred from pursuing this § 2241 petition challenging his enhanced sentence. More importantly, this Court lacks jurisdiction because the petitioner is actually seeking § 2255 relief and has been granted permission to and has filed a successive § 2255 petition in the sentencing court in the Western District of North Carolina. See W.D.N.C. Case No. 3:08-cr-97. In fact, on April 26, 2016, the petitioner filed an Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. § 2244 in the Fourth Circuit Court of Appeals, which was granted by Order entered May 9, 2016. See **In re: Kelvin Gerard Moss**, (4th Cir. 16-462). As noted above, the petitioner filed his second § 2255 in the sentencing court. Typically, such an action would be transferred to the proper forum; however, as noted above, this action is currently pending in the appropriate forum and is awaiting disposition.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Amended Report and Recommendation [Doc. 22]**[2] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The Respondent's Motion to Dismiss **[Doc. 16]** is **GRANTED**. Petitioner's Objections **[Doc. 27]**

---

[2] The Clerk is **DIRECTED** to **DENY AS MOOT** the original R&R **[Doc. 21]** in light of the Amended R&R.

are **OVERRULED**. Accordingly, the petitioner's § 2241 petition **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** November 2, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE